**EXHIBIT "A"**

IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

| | |
|---|---|
| TOBIE ZAKRIE | CIVIL DIVISION |
| | NO: 2022-10100 |
| Plaintiff, | |
| | |
| v. | Type of Pleading: |
| | COMPLAINT |
| LISEC AMERICA, INC. | |
| | |
| Defendant. | |
| | Filed on behalf of: |
| | Tobie Zakrie, Plaintiff |
| | |
| | Counsel of Record for this Party: |
| | Carl R. Schiffman, Esq. |
| | Pa I.D. #23626 |
| | |
| | SCHIFFMAN FIRM, LLC |
| | 1300 Fifth Avenue |
| | Pittsburgh, PA  15219 |
| | |
| | Ph:  412/288-9444 |
| | Fx:  412/288-9455 |
| | |
| | carl@schiffmanfirm.com |
| JURY TRIAL DEMANDED | |

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

_/s/ Carl R. Schiffman_
Carl R. Schiffman, Esq.

IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TOBIE ZAKRIE | : | CIVIL DIVISION |
| | : | NO: 2022-10100 |
| Plaintiff, | : | |
| v. | : | |
| LISEC AMERICA, INC. | : | |
| Defendant. | : | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Office of Prothonotary, Butler County
300 South Main Street
Butler, PA 16001
(724) 284-5214

Butler County Bar Association
240 S. Main Street
Butler, PA 16001
(724) 841-0130

IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TOBIE ZAKRIE | : | CIVIL DIVISION |
| | : | NO: 2022-10100 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISEC AMERICA, INC. | : | |
| | : | |
| Defendant. | ; | |

**COMPLAINT**

AND NOW comes Plaintiff Tobie Zakrie by and through his attorneys, Schiffman Firm, LLC, Carl R. Schiffman, Esquire, and Daniel S. Schiffman, Esquire and file the following Complaint:

1. Plaintiff Tobie Zakrie is an individual and a citizen of the Commonwealth of Pennsylvania and County of Armstrong, residing at 554 Bargar Hollow Road, Parker, Pennsylvania 16049.

2. Defendant LiSec America, Inc. is a Delaware corporation with its principal place of business located at 12571 Oliver Avenue South, Suite 100, Burnsville, Minnesota 5533.

3. On or about March 9, 2020, Plaintiff Tobie Zakrie was working at United Plate Glass Company; 108 Grundman Drive, Butler, Pennsylvania 16001 and was utilizing a glass processing machine designed, manufactured, sold and/or distributed by Defendant LiSec America, Inc.

4. At the above stated date and place, Plaintiff Tobie Zakrie was unloading finished plate glass that had been discharged to the glass processing machine.

5. Plaintiff was required to manually remove finished plate glass panels and place the finished glass on a cart.

6. As Toby Zakrie reached to remove a plate of finished glass, his gloved left hand was pulled into the pinch point between the roller and the frame causing him to sustain serious injuries.

## COUNT I
### Tobie Zakrie v. LiSec America, Inc.
### Strict Product Liability

6. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint as though the same were more fully set forth at length herein.

7. At all times relevant to this action, this Defendant was engaged in the business of designing, manufacturing, selling and/or supplying glass processing machines and designed, manufactured, advertised, sold, and/or supplied the glass processing machine used by Plaintiff and was a seller as defined by Restatement (Second) of Torts §402A.

8. The glass processing machine was expected to and did reach Plaintiff and was used by him without substantial change in the condition in which it was manufactured for sale.

9. This Defendant breached the duties owed to Plaintiffs as mandated by selling the glass processing machine in a defective condition.

10. The glass processing machine was defective because it did not meet the reasonable expectations of an ordinary consumer.

11. The glass processing machine was further defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

12. The glass processing machine was further defective because there was a pinch point between the powered roller and frame of the machine.

13. The glass processing machine was further defective in that it failed to be properly labeled and/or have proper warnings.

17. As the direct, legal and proximate result of the breach of the mandates of strict product liability law, Plaintiff Tobie Zakrie sustained the following injuries and damages:

    a.     3rd and 4th digit finger amputations of left hand;

    b.     2nd digit open wound;

    c.     Nondisplaced fracture of the distal tuft of the 2nd digit;

    d.     Pain and suffering;

    e.     Necessity of medical treatment including surgery;

    f.     Loss of income;

    g.     Impairment of earning capacity;

    h.     Disfigurement;

    i.     Embarrassment and humiliation;

    j.     Incurring of medical bills and/or liens;

    k.     Inability to enjoy the ordinary pleasures of life and perform normal daily activities; and

    l.     Other injuries and damages.

WHEREFORE, Plaintiff Tobie Zakrie hereby demands judgment in his favor and against Defendant LiSec America, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT II
## Tobie Zakrie v. LiSec America, Inc.
## Negligence

14. Plaintiff hereby incorporates by reference the averments in the previous paragraphs of this Complaint as though the same were more fully set forth at length herein.

15. The Defendant was negligent acting individually and/or in its corporate capacity in the following particulars:

   a. In designing and/or manufacturing a glass processing machine which was defective as previously set forth;

   b. In selling a glass processing machine in a defective condition as previously set forth;

   c. In selling a glass processing machine without all necessary accouterments to render it safe for use;

   d. In failing to label or assure the glass processing machine was labeled with all appropriate warnings and instructions;

   e. In failing to retain competent personnel or entities to assure the safety of the glass processing machines including the providing of proper warnings, manuals and/or other training materials; and

   f. In failing to provide or assure proper warnings were provided regarding the dangers presented by the glass processing machine.

19. As the direct, legal, and proximate result of the negligence of this Defendant as aforesaid, Plaintiff Tobie Zakrie sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Tobie Zakrie hereby demands judgment in his favor and against

Defendant LiSec America, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

RESPECTFULLY SUBMITTED:
SCHIFFMAN FIRM, LLC

By: *Carl R. Schiffman*

Carl R. Schiffman, Esquire
Attorney for Plaintiff

## **VERIFICATION**

The undersigned, Toby Zakrie, named herein, and being authorized to make this Verification for and on his behalf, having read the foregoing COMPLAINT that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of signer. Signer verifies that he has read the foregoing, and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifier has relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.

Date: 4/16/2022

_____
Toby Zakrie

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Complaint prepared on behalf of the Plaintiff has been served upon the individual(s) listed below, via email on April 13, 2022.

Anne M. Manero, Esquire
Law Offices of W. Kelly McWilliams
1515 Market Street, Ste 1802
Philadelphia, PA 19102
Anne.manero@thehartford.com

Carl R. Schiffman, Esquire
Counsel for Plaintiff