IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOBIE ZAKRIE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-684 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 22 |
| LISEC AMERICA, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED PLATE GLASS COMPANY, | ) | |
| | ) | |
| Third Party-Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Presently before the Court is a Motion to Dismiss filed by Third-Party Defendant United Plate Glass Company ("UPG") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6). ECF No. 22. For the reasons below, the Motion to Dismiss is denied.[1]

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Tobie Zakrie ("Zakrie") originally brought this action in the Court of Common Pleas of Butler County, Pennsylvania against Defendant LiSec America, Inc. ("Lisec"). ECF No. 1-2. LiSec removed this action to this Court on May 6, 2022 based on diversity jurisdiction. ECF No. 1.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 41, 42 and 43.

**A. Zakrie's Complaint**

In his Complaint, Zakrie claims that he worked at UPG. ECF No. 1-2 ¶ 3. On March 9, 2020, he was using a glass processing machine at UPG that was designed, manufactured, sold and/or distributed by LiSec. Id. Zakrie suffered serious injuries when his gloved left hand was pulled into a pinch point in the roller and frame of this machine. Id. ¶¶ 4-6. Based on these allegations, Zakrie brings claims for strict product liability (Count I) and negligence (Count II) against LiSec. Id. ¶¶ 6-19.

**B. LiSec's Third-Party Complaint**

LiSec filed a Third-Party Complaint against UPG. ECF No. 7. In its Third-Party Complaint, LiSec asserts that it did not manufacture or design the glass processing machine at issue. Id. ¶ 8. LiSec claims that it sold the machine to UPG pursuant to an Equipment Purchasing Agreement (the "Purchasing Agreement"). Under the Purchasing Agreement, UPG was required to provide all guarding and safety devices for use with the machine. Id. ¶¶ 8-9. Based on these allegations, LiSec brings claims for common law indemnification and contribution (Count I); negligence (Count II); and a contractual claim for defense and indemnification (Count III). Id. ¶¶ 10-21.

**C. Motion to Dismiss/Stipulation to Dismiss Counts I and II**

UPG filed this Motion to Dismiss and Brief in Support on August 25, 2022. ECF Nos. 22 and 23. LiSec filed a Response in Opposition on September 15, 2022. ECF No. 27. UPG filed a Reply in support of its Motion. ECF No. 34.

After UPG filed the instant Motion to Dismiss, UPG and LiSec filed a Stipulation to Dismiss Counts I and II of LiSec's Third-Party Complaint against UPG. ECF No. 29. The Court entered an Order approving this dismissal on September 26, 2022. ECF No. 31. Based on this,

LiSec's only remaining claim against UPG is its contractual claim for defense and indemnification (Count III).

UPG's Motion to Dismiss is now ripe for consideration.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6)

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Rule 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are

sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### B. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). Rule 12(b)(1) motions can raise either a facial or factual challenge to the Court's subject-matter jurisdiction. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack challenges the sufficiency of the pleadings, whereas a factual attack challenges the sufficiency of jurisdictional facts. Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). In resolving a facial attack, the Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017). When resolving a factual attack, however, the Court may weigh and consider evidence outside the pleadings. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

### C. Rule 12(b)(3)

In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n. 1 (3d Cir. 2012). "This Court may evaluate facts outside the complaint to determine proper venue; however, all reasonable inferences must be drawn in the plaintiff's favor." Rabner v. Titelman, No. 15-1313, 2016 WL 1613444, at *4 (W.D. Pa. Apr. 22, 2016). The moving party bears the burden of proof. Id. If venue is improper, a district court may either

4

dismiss the case or transfer it to a district in which it could have originally been brought.  Id.; 28 U.S.C. § 1406(a).

## III.   DISCUSSION

In support of the Motion to Dismiss, UPG argues: (1) Counts I and II should be dismissed because LiSec fails to state a claim upon which relief can be granted; (2) venue is improper as to Count III because LiSec agreed to arbitrate this claim; and (3) the Court does not have subject-matter jurisdiction because UPG's joinder destroys diversity jurisdiction and there is no supplemental jurisdiction under 28 U.S.C. § 1367(a).  ECF No. 23.  The Court considers each argument below.

### A.   Counts I and II

First, UPG argues that Counts I and II should be dismissed because LiSec fails to state a claim upon which relief can be granted.  ECF No. 23 at 2-5.  Because the Court has since entered an Order approving LiSec and UPG's Stipulation to Dismiss these two claims, ECF No. 31, the Motion to Dismiss as to Counts I and II is denied as moot.

### B.   Arbitration/Improper Venue

Second, UPG argues that the Court should dismiss LiSec's remaining contractual claim for defense and indemnification in Count III under Rule 12(b)(3).  ECF No. 23 at 6.  UPG refers the Court to an arbitration provision in the Purchasing Agreement:

XVIII. DISPUTE RESOLUTION AND GOVERNING LAW

(a) Arbitration

      (i)     In the event of any dispute or difference arising out of or relating to this Agreement, or with regard to the performance of any obligation under this Agreement by the Seller or Buyer, both parties shall use their best efforts to settle such dispute or difference amicably.

>    (ii)    If the parties to this Agreement are unable to settle such dispute or difference pursuant to Section XVIII(a)(i), such dispute or difference shall be finally resolved by arbitration.  The arbitration shall be conducted in accordance with the rules of the American Arbitration Association (the "AAA").  In the event of any conflict between the rules and this Section XVIII, the provisions of this Section XVIII shall govern.

ECF No. 27 at 34.[2]

Based on this provision, UPG argues that LiSec's claim for defense and indemnification under the Purchasing Agreement must be resolved by AAA arbitration.  ECF No. 23 at 6.  Thus, UPG argues, venue is improper in this Court.  Id.

In response, LiSec argues that it would be more convenient for the parties and would promote judicial economy to litigate all claims arising out of Zakrie's injury in this forum.  ECF No. 27 at 7-8.  Based on this, LiSec argues that the Court should exercise its discretion to keep LiSec's claim.  Id.

Upon review, the Court denies the Motion to Dismiss under Rule 12(b)(3).  Rule 12(b)(3) only allows for dismissal when venue is "wrong" or "improper."  Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 55 (2013).  As the United States Supreme Court has held, "venue is proper so long as the requirements of [the federal venue statute] are met, irrespective of any forum-selection clause."  Id. at 57.  Thus, while it is undisputed that LiSec and UPG agreed to resolve this dispute in another forum (arbitration), this fact does not establish that venue is otherwise "wrong" or "improper" under 28 U.S.C. § 1391.  City of Benkelman, Neb. v. Baseline Eng'g Corp., 867 F.3d 875, 880 (8th Cir. 2017) (applying Supreme Court's holding in

---

[2] In its Motion to Dismiss, UPG refers the Court to the Purchasing Agreement that is attached to the Third-Party Complaint.  In response, LiSec states that it improperly attached an incorrect version of the Purchasing Agreement and provides what it purports to be the correct version.  ECF No. 27 ¶ 8.  However, both the original and corrected versions include identical arbitration provisions.  ECF No. 7-3 at 21; ECF No. 27 at 34.

Atlantic Marine to find that motion to dismiss based on arbitration agreement should not be construed under Rule 12(b)(3), explaining "[j]ust as a forum-selection clause has no bearing on the issue of whether venue is "wrong" or "improper," an arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction"); see also Palcko v. Airborne Express, Inc., 372 F.3d 588, 597 (3d Cir. 2004) (noting that "[e]xisting legal authorities do not support" bringing a motion to dismiss based on an arbitration agreement under Rule 12(b)(3)).

For these reasons, the Court finds that dismissal is not proper under Rule 12(b)(3) based on the arbitration provision of the Purchasing Agreement.  Therefore, the Court denies the Motion to Dismiss on this basis, without prejudice to UPG's right to bring an appropriate motion relative to arbitration.

**C.  Subject-Matter Jurisdiction**

Finally, UPG argues that the Court lacks subject-matter jurisdiction.  Because Plaintiff Zakrie and Third-Party Defendant UPG are both Pennsylvania citizens, UPG argues in support of its Motion to Dismiss that its joinder destroys the Court's existing subject-matter jurisdiction based on diversity jurisdiction.  ECF No. 23 at 7.  UPG also argues that the Court does not have supplemental jurisdiction over LiSec's contractual claim under 28 U.S.C. § 1367(a) because it does not arise from the same facts or issues as Zakrie's underlying personal injury claims.  Id. While the claim is "peripherally related," UPG argues, it does not involve Zakrie and can be brought after a verdict is rendered.  Id.  Based on this, UPG argues that the Court should dismiss the claims against it or, in the alternative, remand this action to state court.

In response, LiSec argues that UPG's joinder does not destroy diversity jurisdiction because diversity existed at the time of removal.   ECF No. 27 at 8-9.  LiSec also argues that its

7

third-party claim against UPG arises out of the same facts and issues as Plaintiff Zakrie's underlying claims. <u>Id.</u> at 9. In particular, LiSec argues, Zakrie claims that he was injured based on the failure to provide proper safety devices, which LiSec claims was UPG's responsibility. <u>Id.</u>

Upon review, the Motion to Dismiss is denied on this basis. Although Plaintiff Zakrie and Third-Party Defendant UPG are not diverse, "[n]on-diversity between a plaintiff and a third-party defendant does not destroy complete diversity for purposes of subject matter jurisdiction predicated on diversity of citizenship." <u>Envt'l Air, Inc. v. Wheeling & Lake Erie Ry.</u>, No. 11-1043, 2012 WL 2065529, at *1 (W.D. Pa. June 7, 2012) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 67 n. 1 (1996)); <u>see also</u> <u>Spring City Corp. v. Am. Bldgs. Co.</u>, 193 F.3d 165, 169 (3d Cir. 1999) ("[A] third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state."); <u>Banks Tower Commc'ns, Ltd. v. Home Ins. Co.</u>, 590 F. Supp. 1038, 1040 (E.D. Pa. 1984) (discussing "well known jurisdictional rule that diversity of citizenship is not required between a third-party plaintiff and a third-party defendant even though the jurisdiction of the main claim is based on diversity."); <u>Blackwood v. Ventresca</u>, No. Civ.A. 00-3112, 2002 WL 31898887, at *3 (E.D. Pa. Dec. 19, 2002) ("There is no jurisdictional requirement that a defendant/third-party plaintiff advancing claims for indemnity and contribution stemming from the same transaction or occurrence be diverse with a third-party defendant.").

The Court also finds there is sufficient basis for exercising supplemental jurisdiction. Courts have "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. " 28 U.S.C. § 1367(a). Claims are part of the same case or controversy under § 1367 "if they 'derive from a common nucleus of operative fact,' and

'are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

In this case, LiSec's third-party contractual indemnity claim against UPG involves a common nucleus of operative facts with Zakrie's underlying claims.  These claims all arise out of Zakrie's alleged injury by the glass processing machine and involve the question of who is liable to pay for any damages.  Accordingly, the Court can properly exercise jurisdiction over LiSec's third-party claim.

## IV.    CONCLUSION

For these reasons, UPG's Motion to Dismiss, ECF No. 22, is denied.  An appropriate Order will be entered.


Dated:  November 18, 2022                    BY THE COURT:

                                             MAUREEN P. KELLY
                                             UNITED STATES MAGISTRATE JUDGE



cc:      All counsel of record via electronic filing.

9